# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2018

158512 & (15)

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

JSR FUNDING, LLC,
              Plaintiff-Appellee,

v
                                         SC: 158512
                                         COA: 344681
                                         Oakland CC: 2018-163107-AV

KRISTINA AVANT,
              Defendant-Appellant.

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the August 24, 2018 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        MARKMAN, C.J. (*concurring*).

        I concur in this Court's denial order, as the circuit court correctly concluded that the March 10, 2017 tax payment plan did not constitute a "tax foreclosure avoidance agreement" pursuant to MCL 211.78q(5) and therefore that the redemption period on the property expired on March 31, 2017. However, I note that the form used by the Oakland County Treasurer's Office to enable a tax payment plan may not clearly explain (a) that such plan does not constitute a "tax foreclosure avoidance agreement" pursuant to MCL 211.78q(5), and therefore that it does not extend the period of redemption, and (b) that a single missed payment might under some circumstances result in a taxpayer's eviction from the property. See also *Lancaster & York, LLC v Oakland Co Treasurer*, unpublished per curiam opinion of the Court of Appeals, issued October 17, 2017 (Docket No. 333064). I write separately only to suggest that the Treasurer's Office might consider revising its form to more clearly explain the effect of entering into a tax payment plan and the consequences that might arise as a result of even a single missed payment under that plan.



        I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2018


                                              Clerk

p1204